**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JUDITH HENRY-EVANS and  EUGENE**
**EVANS, individually and on behalf of**
**Patrick C. Henry, Katelyn L. Henry and**
**Nathan W. Henry-Gary ,**

                    **Plaintiffs,**

**-vs-**                                                    **Case No.  6:06-cv-199-Orl-31DAB**

**STATE OF FLORIDA DEPARTMENT OF**
**CORRECTIONS,**

                    **Defendant.**
_____

# ORDER

        The Plaintiffs sued the State of Florida Department of Corrections ("DOC") for damages

arising out of events following Eugene Evans' ("Evans") entry of a no contest plea to a felony

charge.  (*See* Doc. 16).  This matter is presently before the Court on the DOC's Motion to Dismiss

(Doc. 17), and the Plaintiffs' Response thereto (Doc. 23).

        Evans pled no contest in December of 1996 to the felony charge of lewd and lascivious

assault on a child.  Despite the fact that the court accepting his plea noted that he would not be

required to register with the Sex Offender Registry, the DOC directed Evans to register and, as a

result, he was registered in the State of Florida Sex Offender Registry.  The Plaintiffs allege that

Evans' registration has caused them mental anguish and humiliation, and thus they have sued the

DOC for negligence and for violations of their right to privacy under the Florida Constitution.  The

DOC has moved to dismiss the Plaintiffs' claims arguing, *inter alia*, that they are barred by the Eleventh Amendment.

The Eleventh Amendment "prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state."[1] *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990).  Its prohibition extends to state agencies and other arms of the state, and "applies even when a state is not named as a party of record, if for all practical purposes the action is against the state."[2] *Id*.  The Eleventh Amendment thus "insulates states from private parties seeking to impose a liability in federal court which must be paid from public funds in the state treasury." *Hufford v. Rodgers*, 912 F.2d 1338, 1341 (11th Cir. 1990) (internal citation, quotation and punctuation omitted).[3]  Claims under federal statutes, such as 42 U.S.C. section

---

[1] The Eleventh Amendment specifically provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.  The immunity granted to states "extends beyond the words of the Eleventh Amendment itself, and includes suits . . . in which a state is being sued by its own citizen." *Gamble v. Fla. Dept. of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986).

[2] There is no question (and the Plaintiffs have not asserted otherwise) that the DOC is an agency of the State of Florida.  *See Stevens v. Villacorta*, 2006 WL 822100, *3 (M.D. Fla. Mar. 27, 2006); *Evans v. Fla. Dept. of Corrections*, 2005 WL 1227478, *1 (M.D. Fla. May 23, 2005); *Walden v. Fla. Dept. of Corrections*, 975 F. Supp. 1330, (N.D. Fla. 1996)(in suing DOC, plaintiffs "sued a state agency that is clearly the equivalent of the State of Florida for Eleventh Amendment purposes"); *State v. Mikle*, 855 So. 2d 1279, 1280 (Fla. 3rd DCA 2003) (DOC is "executive agency of the State of Florida").

[3] "The Eleventh Amendment deals only with federal jurisdiction to hear suits against the state, not with the state's immunity from suit in any forum." *Hufford*, 912 F.2d at 1341 (internal citation, quotation and punctuation omitted).  Thus, a defendant's assertion of Eleventh Amendment immunity "essentially challenges a court's subject matter jurisdiction." *Seaborn v. State of Fla., Dept. of Corrections*, 143 F.3d 1405, 1407 (11th Cir. 1998).

1983, as well as claims under state law are barred by the Eleventh Amendment.  *See Doe v. Moore*, 410 F.3d 1337, 1349 (11th Cir. 2005) (immunity includes federal suits involving claims based on state law); *Walker v. Fla. St. Univ. Sch.*, 2004 WL 3135466 (N.D. Fla. Dec. 30, 2004).

The Eleventh Amendment's bar applies "[a]bsent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued."[4]  *Gamble v. Fla. Dept. of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986).  The Plaintiffs do not point to any Congressional abrogation of immunity related to the claims in this case, but point instead to Florida Statute section 768.28 and argue that this statute constitutes the necessary waiver of immunity.  More specifically, the Plaintiffs point to certain language in that section which states that the "state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances."  F.S. § 768.28(5).  That section further provides that "the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act."  F.S. § 768.28(1).  Clearly, "Section 768.28 expressly waives Florida's sovereign immunity from tort actions brought in its own courts, with certain limitations."  *Schopler*, 903 F.3d at 1379.

However, "[e]vidence that a state has waived sovereign immunity in its own courts is not by itself sufficient to establish waiver of Eleventh Amendment immunity from suit in federal court."  *Id*.  Moreover, Section 768.28 also states

No provision of this section, or of any other section of the Florida Statutes, whether read separately or in conjunction with any other provision, shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as

---

[4] "In order to constitute waiver of Eleventh Amendment immunity from suit in federal court . . . a state statute must employ language that is either explicit or else admits of no other reasonable interpretation."  *Schopler*, 903 F.2d at 1379.

such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in federal court.

F.S. § 768.28(18).  The Eleventh Circuit has repeatedly indicated that Section 768.28 therefore does not waive Florida's Eleventh Amendment immunity from suit in federal court.  *See Schopler*, 903 F.2d at 1379 (Section 768.28(18) "declares the legislature's intention that Florida statutes not be construed to waive Eleventh Amendment immunity unless they explicitly waive immunity from suit *in federal court*. Nothing else in [S]ection 768.28 refers to actions brought in federal court.") (emphasis in original); *Gamble*, 779 F.2d at 1515 n.8; *see also Tennant v. Florida*, 111 F. Supp. 2d 1326, 1330 (S.D. Fla. 2000).

Therefore, because the Plaintiffs have sued a state agency which, for Eleventh Amendment purposes, is the equivalent of the State of Florida, their claims must be dismissed as barred by the Eleventh Amendment.[5]  Accordingly, it is

**ORDERED THAT** the Department of Corrections' Motion to Dismiss (Doc. 17) is GRANTED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 23, 2006.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[5] *See Doe v. Moore*, 410 F.3d 1337, 1349 (11th Cir. 2005) (claim that Florida's Sex Offender Act violated Florida's separation of powers doctrine barred by Eleventh Amendment); *Evans v. Fla. Dept. of Corrections*, 2005 WL 1227478, *2 (M.D. Fla. May 23, 2005) (Section 1983 claim against DOC barred by Eleventh Amendment); *Bearelly v. State*, 2002 WL 400779, *7 (M.D. Fla. Jan. 14, 2002) (dismissing federal law claim against DOC as barred by Eleventh Amendment); *Haynes v. State*, 1998 WL 271462, *1-2 (S.D. Fla. Jan 26, 1998) (claims under Florida Civil Rights Act barred by Eleventh Amendment).